Gaston, Judge,
after stating the case as above, proceeded as follows:' The proceedings in this case have been so irregular, that we should probably be obliged to reverse the judgment rendered below, even if we concurred in the opinion expressed by the Judge. The act of 1798, 1 Rev. Stat. ch. 42, sec. 31, which first authorised a person claiming title under a grant, and aggrieved by the issuing of a subsequent grant, to have the latter vacated upon his petition, because made against law or obtained by false suggestions, surprise or fraud, directs that a scire facias shall issue as, the leading process; that the proceedings thereon shall conform to the general rules of practice in such cases; and that if, upon verdict or demurrer, the Court believe that the grant was made against law, or obtained by fraud, surprise, or upon untrue suggestions, they may vacate the same; and a copy of their judgment shall be filed in the Secretary’s Office. The rules of practice referred to, are the established rules of pleading and trial which obtain at common law on a scire facias to repeal the King’s letters patent. In such cases the scire facias ordinarily issues out of, and is returnable into, the Court of the Chancellor, but the jurisdiction exercised there *535 on by the Chancellor, is a part of his common law jorisdiction, and the pleadings and trials are according to the course of the common law. If the parties come to an issue, the Chancellor cannot try it. According to the course of common law proceedings, none but a jury can try disputed facts; and therefore, in such a case, he delivers the record into the Court of King’s Bench for a trial at bar. But if the pleadings terminate in a demurrer, the Chancellor pronounces the judgment of the law thereon. See case of the Prince, 8 Repts. 1, and Queen v. Bewdley, 1 P. Wms. 207—also 4 Inst. 88, Dyer, 197, b. 2 Wills. Ed. of Saund. note 72, o. When, . therefore, the Legislature thought proper to delegate to persons aggrieved by a patent illegally or fraudulently made, the high prerogative writ of scire facias, to have the patent revoked and vacated, it was deemed expedient to declare that the proceedings thereon should be according to the ancient law of the land — where judgment follows upon a verdict or demurrer. It has been since deemed expedient to enact, that where proceedings are to be instituted on the fart of the Stale, to vacate a grant, they shall be instituted before this Court, and shall be here proceeded on according to the course and practice in Equity causes. Act 1830, ch. 2, 1 Rev. Stat. ch. 42, sec. 33. It may become a question how this Court, in the exercise of that jurisdiction,- will have disputed facts tried; but assuredly none of the provisions of this act have any bearing on cases instituted by petitions of individuals under the act of 1798. The question directly decided below has never, that we are aware of, been before judicially considered. It is an important question, and not altogether free from difficulty. We agree with his Honor in thinking that a grant, which is sought to be vacated, as having been • ® ¿ ® -illegally or fraudulently obtained, must, (at all events, where the proceeding is by scire facias,) be vacated in toto, or not at all. Jt is an entire thing — alleged to have been procured ... ° ° ■ r by imposition on the State — m evasion or violation of its laws. If these allegations be properly preferred and fully sustained, then the grant is in law ascertained to have wrongfully issued, and is to be vacated — and if they be' not, it is in lato good, and must stand unrevoked. There can be no ques *536 tion, we think, but that such is the settled law under the old k's^oned scire facias to repeal the King’s letters patent, and that such was the law before 1830, when the State sought by scire facias to annul her grants. The enquiry then resolves itself into this: does the act of 1798, which authorises the sci. fa. to be sued out on the petition of an aggrieved individual, restrict this remedy to him who has a right to the whole of the land alleged to have been improperly granted, and who ■ is therefore aggrieved to the full extent of the illegal grant, ■ or concede it to every one who has right to any portion of the land granted, and is aggrieved in part only by that grant? It is possible, perhaps probable, that the attention of the Legislature. when passing the act of 1798, was not distinctly ' called to this enquiry — but however that may be, the Court has no other mode of collecting their will than by the language they have used, except that so far as that language is ambiguous, we may take into consideration the mischiefs which may attend the one or the other of the expositions of which it is susceptible. Upon the words of the-act, we should find great difficulty in saying that there is-room for the restricted interpretation which the act received below. There is no other designation of those authorised to petition, than by the words “ any person or persons claiming title to lands under a grant or patent from the King, the Lords proprietors or the State of North Carolina, who shall consider himself or themselves aggrieved by any patent or grant to any other person against law, or obtained by false suggestions, surprise or fraud.” It has been settled, that none but those aggrieved fay the patent sought to be vacated, because of a previous interest in the subject matter of that patent, are entitled to the remedy given by the act. The petitioner must be in fact a person aggrieved, and not an officious intermed-dler. Crow v. Holland, 4 Dev. 417—Hoyle v. Logan, Ibid. 495—Featherston v. Mills, Ibid 596. But if he be aggrieved—if he have a previous interest in the subject matter of the new grant — if his title under the old grant may be clouded thereby — he comes manifestly within the description given by the act — whatever may be the extent of his grievance. It is because the patent complained .of, if it re *537 main unrepealed, may do him injury, that he has the right to demand its repeal, if he can shew grounds sufficient in law r ° to repeal it. But, we apprehend that we should do violeuce to the plainly declared will of the Legislature, were we to hold that he should not be permitted to exercise this right, unless that injury were co-extensive with the whole subject matter of the grant. We must not, where the law is plain, claim to be wiser than the law-makers.
^hfchts sought to be vacated as having been &Sdent”r h obtained, mnst (at ail events proceeding vacated in at ail.
^ an appiica-p™, 0”"alhe yaa"t'aato be-fraud ¡„ ob-«kei.f n grant°fiu-|a\a]STcase e'eill‘ Irani] must be made "miK-iive0"" have Put a Supon his guard completed a sulplckm that the part of ¡t be vaeant and unan-propriated: that kind which may be sufficient in equity io bar the plea serfor rahil eration — id" not enough tuteThe'" iraud eon-by the act.
*537 But if the words were less explicit, - we are by no means certain, that the --'inconveniences of the more obvious construction are so great as to justify a departure from it. We say nothing now of an application to vacate-a patent, merely because ot irregularities in obtaining it. How far these irregularities -may be availed of, when the application is made by an individual alleging himself to be aggrieved, opens a field for enquiry into which we do not mean to enter. It is enough to say, that perhaps there are irregularities of which the State may complain, which, if waived by her, cannot be regarded as aggrieving any individual, and furnishing to him sufficient cause for a scire facias. Our remarks are confín-, ed to the case before us, which is an application to vacate a grant, because of fraud in obtaining it, with knowledge of a previous grant for the same land. Now, we have no hesitation in saying, that to support such an application, a caso clear fraud must be made out. Constructive notice of the prior grant — information that might put a prudent man upon his guard before he completed his grant — :a suspicion that the land, or a part of it, might not be vacant and priated — that kind of notice which may be sufficient in Equity to bar the plea of a purchaser for valuable tion — is not enough to constitute the fraud contemplated by the law. We adopt the language so far as it is applicable, which was used by a learned Judge in a case somewhat analogous, where a registered, was sought to be postponed to ° . , ■- 1 1 an unregistered conveyance because of fraud, “ wo cannot permit fraud to prevail, but it shall only be in cases, where the notice is so clearly proved-as to make it fraudulent in grantee to take out a grant in prejudice to the known title another, that we will adjudge the grant to be vacated,” — *538 Wyatt v. Burwell, 19 Ves. 439. Where such a fraud is actua^y established, the grantee has little cause to complain, if, as a penalty for his criminal act, he lose not only what he sought to take dishonestly from, another, but that which he might honestly have secured to himself, if he had confined hÍS grallt theret0-
Perhaps, however, some real inconveniences may be found in practice to result from the construction we reel ourselves hound to adopt; but -on the other hand, it is obvious how completely the remedy provided by the Iawimay be evaded, if the other construction obtain. A fraudulent grantee will save himself effectually therefrom, if he but take care that his grant, however injurious to others, shall include one acre . , vacant land. By this contrivance, he may practically repeal ah the enactments of the law for the benfit of persons aggrieved. 00
. . We have entertained serious doubts, whether the petition in this case, is not too vague to warrant any judgment-for Pehhoner on the scire facias. It charges, indeed, that the defendant procured his grant by fraud — but in setting forth, as it was necessary should be set forth, the matters constituting the fraud, it charges that the defendant, at the time of obtaining his grant, well knew, or had reasons to believe, or had received some information, that the land had been previously granted. A demurrer to the scire facias because of this uncertainty in the petition, we think, might have been sustained. But as the defendant did not demur, but plead to the scire facias — for so we must understand his answer — as the petition, if the objection had been taken, might, and probably would have been permitted to be amended — and as the uncertainty might have been cured by verdict on specific issues, had not the Judge dismissed the petition without a trial- — because of what we believe an erroneous conception of the law- — we forbear from expressing any decided opinion upon that point. ■ ‘
It is the judgment of this Court, that the judgment of the Superior Court be reversed, and the cause remanded for further proceedings therein.
Per Curiam. Judgment reversed.